IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEIONDRA R. BUTLER, # 281018,           )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )   Civil Action No. 2:16cv503-WKW
                                        )              [WO]
WALTER MYERS, *et al.,*                  )
                                        )
            Respondents.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under

28 U.S.C. § 2254 filed by Alabama inmate Deiondra R. Butler on June 13, 2016. Doc. 1.

Butler challenges his 2012 robbery conviction and resulting 50-year sentence entered by

the Circuit Court of Montgomery County.  The respondents argue that Butler's petition is

time-barred by the one-year federal limitation period for § 2254 petitions. Doc. 7 at 5–9.

After reviewing the pleadings and other submissions, the court concludes that no

evidentiary hearing is required and that Butler's petition should be denied as untimely.

## I.   PROCEDURAL BACKGROUND

On November 28, 2012, a Montgomery County jury found Butler guilty of first-

degree robbery, in violation of Alabama Code § 13A-8-41. Doc. 7-1 at 17.  On that same

date, the trial court sentenced Butler to 50 years in prison. Doc. 7-3 at 87.  Butler appealed,[1]

and on March 15, 2013 the Alabama Court of Criminal Appeals affirmed his conviction

---

[1] On appeal, Butler challenged the sufficiency of the evidence to support his conviction.

and sentence by memorandum opinion. Doc. 7-6.  Butler took no further action on direct review, and the Alabama Court of Criminal Appeals issued a certificate of judgment on April 3, 2013. Doc. 7-7.

On September 30, 2013, Butler filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] *See* Doc. 7-8 at 9.  The trial court denied the Rule 32 petition on March 31, 2014, and Butler appealed. On August 22, 2014, the Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition. Doc. 7-11.  Butler took no further action in his Rule 32 appeal, and the Alabama Court of Criminal Appeals issued a certificate of judgment on September 10, 2014. Doc. 7-12.

Butler, acting *pro se*, filed this § 2254 petition on June 13, 2016. Doc. 1.  He claims that (1) the trial court erred in denying his motion for judgment of acquittal; (2) his trial counsel was ineffective during plea bargain negotiations; and (3) the limitation period in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") unconstitutionally deprives him of the right to federal habeas review. Doc. 1 at 5–9 & 16–18.

## II.   DISCUSSION

### A.   AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for § 2254 petitions:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[2] Butler's Rule 32 petition presented claims that his trial counsel rendered ineffective assistance during the plea bargaining stage in his case.

court.  The limitation period shall run from the latest of—
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) of AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date on which the judgment became final by the conclusion of direct review.  Because, on direct review, Butler did not seek rehearing with the Alabama Court of Criminal Appeals or file a petition for writ of certiorari with the Alabama Supreme Court, his conviction became final on April 3, 2013, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment. *See, e.g.*, *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006).  AEDPA's one-year limitation period commenced on that date.  Under § 2244(d)(1)(A), then, Butler had until April 3, 2014, to file a § 2254 petition, absent statutory or equitable tolling.

**B.    Statutory Tolling**

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). Butler filed a state Rule 32 petition in the trial court on September 30, 2013. Under § 2244(d)(2), that filing tolled the federal limitation period. At that time, the one-year limitation period had run for 180 days (from April 3, 2013 to September 30, 2013). The state-court proceedings related to the Rule 32 petition concluded on September 10, 2014, when a certificate of judgment was issued in the appellate proceedings. On that date, Butler had 185 days remaining within which to file a timely federal habeas petition. The federal limitation period ran unabated for those 185 days, before expiring on March 16, 2015. Butler filed his § 2254 petition with this court on June 13, 2016—well after the expiration of AEDPA's limitation period.

Moreover, nothing in Butler's pleadings supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(B)–(D). There is no evidence that an unlawful state action impeded Butler from filing § 2254 petition at an earlier date, *see* § 2244(d)(1)(B); Butler does not present a claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2244(d)(1)(C); and Butler submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).

**C.    Equitable Tolling**

In rare circumstances, the federal limitation period may be equitably tolled on

grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing an entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Butler makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and this court knows of no reason for tolling the limitation period in this case.

Under the circumstances discussed above, AEDPA's limitation period expired on March 16, 2015. Butler filed his § 2254 petition on June 13, 2016, and he has demonstrated no entitlement to equitable tolling. Therefore, his petition is subject to dismissal for untimeliness.

## D.     Constitutionality of AEDPA's Limitation Period

Butler asserts that AEDPA's one-year limitation period at 28 U.S.C. § 2244(d) unconstitutionally deprives him of the right to federal habeas review. Doc. 1 at 9 & 16–18. However, as the Eleventh Circuit observed in *Wyzykowski v. Department of Corrections,* 226 F.3d 1213, 1217 (11th Cir. 2000), "[e]very court which has addressed the issue—i.e., whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the

writ [of habeas corpus]—has concluded that it does not."[3]   Although the Eleventh Circuit in *Wyzykowski* left open the possibility that an as-applied challenge to AEDPA's constitutionality could succeed for an individual who is actually innocent, *see* 226 F.3d at 1218, Butler fails to prove his actual innocence.   Butler does not even assert that he is factually innocent, but instead asserts only that he is "legally innocent" because he was allegedly deprived of a fair trial and received ineffective assistance of counsel. Doc. 1 at 18.   But actual innocence means *factual* innocence, not legal innocence. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *McKay v. United States*, 657 F.3d 1190, 1197–99 (11th Cir. 2011); *Long v. Peterson*, 291 F. App'x 209, 213 (10th Cir. 2008).

In *McQuiggin v. Perkins*, the Supreme Court held that actual innocence, if proved, may serve as a gateway to review of claims asserted in time-barred habeas petition.[4]   The Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).   To establish a credible claim of actual innocence, a petitioner must support his claim "with new reliable evidence—whether it be exculpatory

---

[3] Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2.   The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)).

[4] Because the Supreme Court in *McQuiggin* recognized an actual innocence exception for review of claims in time-barred § 2254 petitions, it would seem that the holding in *McQuiggin* obviates Suspension Clause-based challenges to AEDPA's limitation period for petitioners who are actually innocent.

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Butler does not offer any new reliable evidence of his factual innocence. As noted above, he bases his claim of innocence on assertions of trial error and deficient performance by his counsel. Such allegations will not sustain a claim of actual innocence.

Because Butler fails to demonstrate—or, for that matter, even to allege—his actual innocence, AEDPA's limitation period does not render the habeas remedy "inadequate or ineffective to test the legality of his detention." *See, e.g., Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998); *Lucidore v. N.Y. St. Div. of Parole*, 209 F.3d 107, 113–14 (2d Cir. 2000). The limitation period allowed Butler a reasonable opportunity to present claims in a habeas petition, and Butler fails to demonstrate that he was prevented from filing his petition before the limitation period expired. The claims in Butler's untimely § 2254 petition are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **July 5, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 21st day of June, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE